## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

SHARON EGGLESTON,       Case No. 17-53284-TJT
                  Chapter 7
  Debtor.          Judge Thomas J. Tucker
_____/

### ORDER APPROVING COMPROMISE OF CLAIMS,
### BUT DENYING THE TRUSTEE'S REQUEST FOR APPROVAL
### OF A FEE FOR THE TRUSTEE'S REAL ESTATE AGENT

This case is before the Court on the Trustee's motion entitled "Trustee's 'Corrected' Motion for Order Approving Compromise of Claims and Requesting Fees of Real Estate Agent" (Docket # 33, the "Motion"). The Court finds good cause to enter this Order.

**IT IS ORDERED** that the Motion is granted to the extent of the relief provided by this Order, but is denied with respect to the Trustee's request for approval of a fee for the Trustee's real estate broker.

**IT IS FURTHER ORDERED** that Debtor must pay the Trustee, Kenneth A. Nathan, $3,500.00 under the terms set forth in the Motion.

**IT IS FURTHER ORDERED** that the Trustee's receipt of $3,500.00 will have the effect of mutually releasing all parties, and will be a full and final settlement of the Estate's claims against Debtor with respect to the real property located at 31090 Seneca Lane, Unit 21, Novi, MI 48377.

**IT IS FURTHER ORDERED** that the Trustee's request for approval to pay Jan Dijkers of The Loft Warehouse (the "Broker") fees in the amount of $500.00 is denied, because the request is not adequately supported in the Motion.[1] This Order is without prejudice to the

_____

1 The Motion does not allege or demonstrate facts or grounds that permit or justify a fee award for the

Trustee's right to file a new, fully supported application to approve a fee for the Broker.

**Signed on June 6, 2018**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

Broker, in the $500.00 amount requested, or in any amount. And the Motion does not explain how the requested $500.00 fee is calculated or what it is based on. And the Court notes that neither the Order authorizing the Trustee to employ the Broker (Docket # 22), nor the Trustee's application to employ the Broker (Docket # 20) appears to permit the payment of any fee to the Broker unless the real estate at issue is sold. Indeed, the Trustee stated in the employment application (Docket # 20, paragraph 7), that the Broker, Dijkers, "will be paid only if the Property is sold." The Property in this case was not sold.